# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MYRNA COHEN,             )
        Appellant,        )
                             )
        **v.**                )       Civ. No. 15-751
                             )       Bankr. No. 14-23098
JEFFERY D. ABRAMOWITZ,   )
        Appellee.        )

## OPINION

CONTI, Chief District Judge

## I. INTRODUCTION

Appellant Myrna Cohen ("Cohen") appeals from the bankruptcy court's May 19, 2015 memorandum opinion and order denying her motion for relief from judgment pursuant to Federal Rule of Bankruptcy Procedure 9024 and Federal Rule of Civil Procedure 60(b) ("Rule 60(b)").[1] (ECF Nos. 57, 58.)[2] The bankruptcy court's May 19, 2015 order denied Cohen relief from an order granting the discharge of a debtor Jeffery Abramowitz ("Abramowitz") that extinguished the personal liability of Abramowitz with respect to, among other things, a civil judgment and legal malpractice claim against him, pursuant to 11 U.S.C. § 727. (ECF Nos. 57, 58.)

---

[1] Throughout this opinion, the court refers to the Federal Rules of Bankruptcy Procedure as the "Bankruptcy Rules."

[2] Unless a different case number is provided, all "ECF" citations in this opinion correspond to the docket at bankruptcy number 14-23098.

Having been fully briefed, this bankruptcy appeal is ripe for disposition. Because the bankruptcy court did not abuse its discretion in denying Cohen's Bankruptcy Rule 9024 motion, the court will affirm the bankruptcy court's May 19, 2015 order.

## II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A.    Abramowitz's bankruptcy petition

On July 31, 2014, Abramowitz voluntarily filed a Chapter 7 bankruptcy petition in the bankruptcy court. (ECF No. 1.) In "Schedule F" of his petition, Abramowitz listed Cohen as an unsecured creditor with respect to a $64,530.00 "[p]ersonal loan" to him. (*Id.* at 18.) In the "Statement of Financial Affairs" section of his petition, Abramowitz listed, without detail, a judgment entered against him in favor of Cohen in the Court of Common Pleas of Westmoreland County, Pennsylvania. (*Id.* at 28.) In his petition, Abramowitz did not list any pending lawsuit filed against him by Cohen.

### B.    Deadline to object to the debtor's discharge or to challenge the dischargeability of certain of the debtor's debts

On August 1, 2014, the bankruptcy court entered an order captioned: "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, [and] Deadlines." (ECF No. 10.) This order established November 7, 2014 as the "[d]eadline to [o]bject to [Abramowitz's] [d]ischarge or to [c]hallenge [d]ischargeability of [c]ertain [d]ebts" (the "Objection Deadline"). (*Id.*) Specifically, the order provided,

in relevant part, that

> [Abramowitz] is seeking a discharge of most debts, which may
> include your debt. A discharge means that you may never try to
> collect the debt from [Abramowitz]. If you believe that [Abramowitz]
> is not entitled to receive a discharge under [11 U.S.C. § 727(a)] *or* that
> a debt owed to you is not dischargeable under [11 U.S.C. § 523(a)(2)],
> you must file a complaint . . . in the bankruptcy clerk's office by . . .
> [the Objection Deadline]. The bankruptcy clerk's office must receive
> the complaint . . . and any required filing fee by that deadline.

(*Id.* at 2 (emphasis in original).)

On September 9, 2014, the meeting of creditors was held. (ECF No. 13.)
Due to a change of address, Cohen did not receive notice of Abramowitz's July 31,
2014 bankruptcy petition until October 3, 2014. Consequently, Cohen did not
attend or participate in the September 9, 2014 meeting of creditors.

### C.  Cohen's pre-complaint motions

For clarity's sake, the court describes Cohen's two pre-complaint motions in
turn, though they were filed by Cohen and decided by the bankruptcy court within
the same time frame.

### 1.  Cohen's November 6, 2014 Automatic Stay Motion

On November 6, 2014—one day before the Objection Deadline—Cohen
filed a motion in the bankruptcy court captioned: "Motion for Relief from
Automatic Stay" (the "Automatic Stay Motion"). (ECF No. 17.) In the Automatic
Stay Motion, Cohen argued for relief from the automatic stay pursuant to 11
U.S.C. § 362(d)(2) and Bankruptcy Rule 4001, on grounds that:

- Cohen did not receive notice of Abramowitz's July 31, 2014 bankruptcy petition until October 3, 2014, when "notice of [Abramowitz's petition] was sent to her under [Abramowitz's] counsel's cover mailing,"[3] (*id.* ¶ 4);

- "[a]t the time of the filing of" Abramowitz's bankruptcy petition, Abramowitz "was a named [d]efendant in a legal malpractice action brought by [Cohen]" in the Court of Common Pleas of Westmoreland County, Pennsylvania, captioned: *Cohen v. Moore Becker, P.C., & Abramowitz*, at civil number 8424-2008 (the "8424 Action"), (*id.* ¶ 5);

- Abramowitz "has professional liability insurance" that "provides coverage for the damages claimed [in the 8424 Action]," (*id.* ¶ 9);

- Cohen "desires to continue the [8424 Action]" against Abramowitz, (*id.* ¶ 10); and

- Cohen will "only pursue recovery" against Abramowitz in the 8424 Action "through [Abramowitz's] available insurance proceeds," not through the personal "assets of [Abramowitz] . . . or the bankruptcy estate," placing the 8424 Action outside the automatic stay's reach. (*Id.* ¶ 11.)

On November 7, 2014—*i.e.*, the Objection Deadline—the bankruptcy court entered a text order requiring Cohen to take corrective action with respect to her Automatic Stay Motion by November 17, 2014. (ECF No. 19.) In relevant part, the text order provided that

> [w]ithout further notice or hearing, [Cohen's Automatic Stay Motion] will be denied without prejudice if the following action is not taken: THIS DOCUMENT MUST BE REFILED. ALL DOCUMENTS FILED ELECTRONICALLY THAT HAVE BEEN CREATED,

---

[3] In its May 19, 2015 memorandum opinion, the bankruptcy court stated that "due to a change in address, [Cohen] assert[ed] that she did not become aware of [Abramowitz's] bankruptcy filing until after October 3, 2014." (ECF No. 57 at 2.)

AUTHORED, OR CUSTOMIZED BY THE ELECTRONIC FILER MUST BE FILED IN A FORMAT THAT ALLOWS THE COURT TO PERFORM A FULL TEXT SEARCH IN ACCORDANCE WITH [Local Bankruptcy Rule] 5005-13.[4] FOR INSTRUCTIONS ON CREATING A PDF IN THE PROPER FORMAT, YOU MAY REFER TO THE ONLINE ATTORNEY TRAINING MANUAL ON THE COURT'S WEBSITE. ATTORNEY MUST "SELF-SCHEDULE" THIS MOTION. PLEASE REFER TO THE COURT'S WEBSITE FOR INFORMATION REGARDING THE DATES AND TIMES FOR HEARINGS.[5]

(*Id.*)

Cohen did not refile or self-schedule her Automatic Stay Motion by November 17, 2014, as ordered. On November 18, 2014, the bankruptcy court denied Cohen's Automatic Stay Motion without prejudice because Cohen "fail[ed]

---

[4] In relevant part, this local bankruptcy rule provides:

(a)   All documents filed through the CM/ECF System shall be in a Portable Document Format ("PDF")[;] [and]

(d)   All PDF documents filed through the CM/ECF System shall be . . . fully text-searchable.

W. PA. LBR 5005-13.

[5] In a corrective entry dated November 6, 2014, the bankruptcy court stated with respect to Cohen's Automatic Stay Motion:

IN THE FUTURE, AN ELECTRONIC SIGNATURE FOR THE FILING ATTORNEY IS REQUIRED ON THE PDF, PURSUANT TO [Local Bankruptcy Rule] 5005-6. ALSO, IN THE FUTURE, THE FILING ATTORNEY MUST FILE DOCUMENTS USING HIS/HER OWN CM/ECF LOG-IN AND PASSWORD, PURSUANT TO [Local Bankruptcy Rule] 5005-5.

(ECF No. 17.)

to revise [it] in accordance with" the November 7, 2014 text order. (ECF No. 25.)

On January 12, 2015—nearly two months after the bankruptcy court denied Cohen's first Automatic Stay Motion on November 18, 2014—Cohen refiled a second identical Automatic Stay Motion. (ECF No. 33.) On January 13, 2014, the bankruptcy court again entered a text order requiring Cohen to take corrective action, as Cohen failed to self-schedule her second Automatic Stay Motion and file it as a text-searchable PDF document. (ECF Nos. 36, 37.) The text order granted Cohen until January 21, 2015 to refile the motion in compliance with local rules. (ECF No. 37.)

Once again, Cohen did not refile or self-schedule her Automatic Stay Motion by January 21, 2015, as ordered. On January 22, 2015, the bankruptcy court denied Cohen's second Automatic Stay Motion without prejudice, as Cohen "fail[ed] to revise [it] in accordance with" the January 13, 2015 text order. (ECF No. 39.)

Cohen did not attempt to refile her Automatic Stay Motion after the bankruptcy court denied it without prejudice for a second time on January 22, 2015. Both iterations of Cohen's Automatic Stay Motion contained allegations relating solely to the 8424 Action against Abramowitz; the motion did not contain allegations about any judgment against Abramowitz in favor of Cohen.

## 2. Cohen's November 7, 2014 Extension Motion

On November 7, 2014—*i.e.*, the Objection Deadline and one day after Cohen filed her first Automatic Stay Motion—Cohen filed a motion in the bankruptcy court captioned: "Motion for Extension of Time to File a Complaint *Objecting to Discharge* Pursuant to *Bankruptcy Rule 4004(b)* and Motion to Reconvene Meeting of Creditors" (the "Extension Motion"). (ECF No. 21 (emphasis added).) In her Extension Motion, Cohen argued that cause existed "pursuant to [Bankruptcy] Rule 4004(b)" for a thirty-day extension "within which [to] file a complaint objecting to [Abramowitz's] discharge," on grounds that:

- Cohen did not receive notice of Abramowitz's July 31, 2014 bankruptcy petition until October 3, 2014, when notice "was sent to her under [Abramowitz's] counsel's cover mailing," (*id.* ¶ 2);

- Cohen was "unable to confer with [her] counsel" about Abramowitz's bankruptcy petition "until October 16, 2014," (*id.* ¶ 3);

- "[a]t the time of the filing" of Abramowitz's petition, Cohen "was, and remains, a judgment creditor of [Abramowitz], which judgment is filed of record in the Court of Common Pleas of Westmoreland County" at civil number 13418 (the "13418 Judgment"), (*id.* ¶ 4);

- the "amount due and owing on the [13418 Judgment], including interest thereon, exceeds $80,000[.00]," (*id.*);

- "[d]ue to the lack of receipt of timely notice" of Abramowitz's bankruptcy petition, Cohen was "unable to attend or participate in the meeting of creditors" on September 9, 2014, and Cohen "has not had sufficient time to evaluate the bankruptcy filings in this

matter," (*id.* ¶¶ 6, 7); and

- "[p]rior to" Abramowitz's July 31, 2014 bankruptcy petition, Cohen "engaged in extensive discovery in aid of execution relevant to the [13418 Judgment]," and Cohen required the "opportunity to evaluate [the] discovery materials" and "compare [them] to the bankruptcy filings" to "determine the basis for a complaint *objecting to discharge*." (*Id.* ¶ 8 (emphasis added).)

Cohen's Extension Motion contained allegations relating solely to the 13418 Judgment against Abramowitz; the motion did not contain allegations about the 8424 Action against Abramowitz. Cohen's Extension Motion solely discussed her request to file a complaint "objecting to [Abramowitz's] discharge" in general; the motion did not request an extension to file a complaint challenging the dischargeability of certain of Abramowitz's debts.

On November 25, 2014, the bankruptcy court held a hearing concerning Cohen's Extension Motion. (ECF No. 27.) Finding cause, the bankruptcy court granted Cohen's Extension Motion pursuant to Bankruptcy Rule 4004(b), providing Cohen until December 25, 2014 (*i.e.*, thirty days) to "file a [c]omplaint [*o*]*bjecting to* [*Abramowitz's*] [*d*]*ischarge*." (ECF Nos. 27, 28 (emphasis added).) The bankruptcy court, however, denied Cohen's request to reconvene the meeting of creditors. (*Id.*) In granting Cohen's Extension Motion, the bankruptcy court did not address or rule upon Cohen's right to file a complaint challenging the dischargeability of certain of Abramowitz's debts under 11 U.S.C. § 523(a) and Bankruptcy Rule 4007.

### D.    Cohen's Complaint

After the bankruptcy court granted Cohen's Extension Motion to object to discharge pursuant to Bankruptcy Rule 4004(b), Cohen attempted to file a complaint against Abramowitz.

On December 24, 2014, Cohen filed a document in the bankruptcy court captioned: "Complaint Objecting to [Abramowitz's] Discharge *and/or to Challenge Dischargeability of Certain Debts*" (the "Complaint"). (ECF No. 30 (emphasis added).) In the Complaint, Cohen contended Abramowitz obtained loans from her through false pretenses and representations, culminating in litigation and the 13418 Judgment against Abramowitz. (*Id.*) Because of Abramowitz's alleged false dealings, Cohen in the Complaint requested that the bankruptcy court:

(A)    "declare that [Abramowitz's] debt to [Cohen]," as reflected in the 13418 Judgment, "*be deemed non-dischargeable*" pursuant to 11 U.S.C. § 523(a)(2);[6] or

(B)    "deny [Abramowitz's] discharge altogether" pursuant to 11 U.S.C. § 727(b).

---

[6] In relevant part, 11 U.S.C. § 523(a)(2) provides that discharge under 11 U.S.C. § 727(a)

does not discharge an individual debtor from any debt . . . obtained by—

(A)  false pretenses, a false representation, or actual fraud[;] . . . [or]

(B)  use of a [materially false] statement in writing [on which the claimant relied]. . . .

(*Id.* at 6 (emphasis added).)

On December 29, 2014, the bankruptcy court entered a corrective entry ordering that Cohen's first Complaint "BE REFILED, BY ATTORNEY, AS AN ADVERSARY PROCEEDING," in accordance with the Bankruptcy Rules.[7] (ECF Nos. 30, 32.)

In response to the bankruptcy court's December 29, 2014 corrective entry, plaintiff filed a second document on January 12, 2015 captioned: "Complaint Objecting to [Abramowitz's] Discharge *and/or to Challenge Dischargeability of Certain Debts.*" (ECF No. 35 (emphasis added).) Cohen's second Complaint was identical in all respects to her first Complaint.

On January 13, 2015, the bankruptcy court entered a corrective entry concerning Cohen's second Complaint stating: "INCORRECT DOCKET EVENT USED. ENTRY MUST BE REFILED, BY ATTORNEY. THIS ENTRY MUST BE FILED UNDER THE ADVERSARY DOCKET EVENT." (ECF No. 38.)

After the bankruptcy court entered its January 13, 2015 corrective order, Cohen did not attempt to refile her Complaint. Both iterations of Cohen's Complaint contained identical allegations relating solely to the 13418 Judgment;

___

[7] Pursuant to the Bankruptcy Rules, a complaint raising an "object[ion] to . . . discharge" under Bankruptcy Rule 4004 or a challenge to "determine the dischargeability of a debt" under Bankruptcy Rule 4007 must be raised by way of an "adversary proceeding" in the bankruptcy court. *See* FED. R. BANKR. P. 4004(d), 4007(e), 7001(4), 7001(6); COLLIER ON BANKRUPTCY ¶¶ 4004.01, 4007.01 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2015) [hereinafter COLLIER].

neither Complaint contained allegations about the 8424 Action against Abramowitz. Cohen's Complaint was the first filing in which she challenged the "dischargeability" of certain of Abramowitz's debts under 11 U.S.C. § 523(a). As stated previously, Cohen's Extension Motion to file a complaint after the Objection Deadline discussed only her "objection to discharge" in general, citing Bankruptcy Rule 4004(b).

### E.    The bankruptcy court's Discharge Order

By February 19, 2015—*i.e.*, more than one month after the bankruptcy court rejected Cohen's second Complaint on January 13, 2015—Cohen had yet to comply with: (1) the bankruptcy court's January 13, 2015 order that she refile her Complaint by way of an adversary proceeding; and (2) the bankruptcy court's January 22, 2015 order that she refile and self-schedule her Automatic Stay Motion. "[W]ithout a properly filed complaint objecting to [Abramowitz's] discharge" or a properly-filed Automatic Stay Motion, the bankruptcy court entered an order on February 19, 2015 granting Abramowitz discharge in full pursuant to 11 U.S.C. § 727 (the "Discharge Order"). (ECF No. 40.) The Discharge Order encompassed the 13418 Judgment and 8424 Action against Abramowitz.

### F.    Cohen's Bankruptcy Rule 9024 Motion

On March 5, 2015, Cohen filed a motion for relief from the bankruptcy court's Discharge Order pursuant to Bankruptcy Rule 9024 and Rule 60 (the

"Bankruptcy Rule 9024 Motion"). (ECF No. 42.) On March 6, 2015, the bankruptcy court entered a text order requiring Cohen to take corrective action related to her Bankruptcy Rule 9024 Motion:

> Without further notice or hearing, [Cohen's Bankruptcy Rule 9024 Motion] will be denied without prejudice if the following action is not taken: ATTORNEY MUST IMMEDIATELY REFILE THE MOTION. A PROPER CAPTION NAMING A MOVANT AND A RESPONDENT IS REQUIRED ON ALL PLEADINGS AND ORDERS IN ACCORDANCE WITH [Local Bankruptcy Rule] 9004-1. . . . Required corrective action due on or before [March 16, 2015].

(ECF No. 43.)

On March 6, 2015, Cohen corrected and refiled her Bankruptcy Rule 9024 Motion. (ECF No. 44.) In her Bankruptcy Rule 9024 Motion, Cohen requested that the court:

> (1)     vacate the Discharge Order;
>
> (2)     permit Cohen to proceed with her Complaint against Abramowitz challenging the dischargeability of the 13418 Judgment *and* Abramowitz's discharge in general; and
>
> (3)     permit the continuation of the 8424 Action against Abramowitz's malpractice insurance proceeds, as requested in the Automatic Stay Motion.

(*Id.* ¶ 2.)

In her Bankruptcy Rule 9024 Motion, Cohen contended that Abramowitz consented to lifting the automatic stay to permit the continuation of the 8424 Action provided he would not be "personally liable for any resulting damages,"

which would be limited to proceeds available "from [Abramowitz's] malpractice insurance provider." (*Id.* ¶ 6.) In support of her consent argument, Cohen attached to her Bankruptcy Rule 9024 Motion an email dated November 12, 2014—*i.e.*, five days after Cohen filed her Extension Motion and more than three months before the Discharge Order—in which Abramowitz's bankruptcy counsel[8] stated to Cohen's counsel:

> I have spoken to my client [Abramowitz] and have explained that he will not be personally liable for damages as a result of the [8424 Action]. . . .
>
> My client [Abramowitz] does not oppose extending the time to allow [Cohen] to file a complaint and does not oppose allowing [the 8424 Action] to go forward by the granting of [Cohen's Automatic Stay Motion], *as long as* my client [Abramowitz] is not *personally liable* for *any* resulting damages, *and* that damages from [Abramowitz] will be *limited to amounts that may be available from his malpractice insurance provider.*

(ECF No. 44-1 (emphasis added).)

The bankruptcy court scheduled a hearing for March 31, 2015 on Cohen's Bankruptcy Rule 9024 Motion. (ECF No. 45.)

On March 24, 2015, Abramowitz filed a response to Cohen's Bankruptcy Rule 9024 Motion. (ECF No. 48.) In his response, Abramowitz stated, in relevant part, that he "w[ould] consent to the relief requested [in Cohen's Bankruptcy Rule 9024 Motion] as long as . . . recovery [is] limited to the applicable insurance

---

[8] On appeal, Abramowitz represents himself *pro se*.

coverage." (*Id.*)

The bankruptcy court found the "intent of" Abramowitz's response to Cohen's Bankruptcy Rule 9024 Motion "unclear" and "sought clarification" from the parties at the March 31, 2015 hearing. (ECF No. 51.) After the hearing, the bankruptcy court issued an order dated April 8, 2015, concluding that Abramowitz's "consent" to Cohen's Bankruptcy Rule 9024 Motion "[was] lacking" because the

> intention of [Abramowitz's] [r]esponse was more of a consent to permitting the [8424 Action] to go forward with a limitation on recovery of insurance proceeds and not a consent to permitting a discharge and/or dischargeability complaint to proceed against [Abramowitz].

(*Id.* ¶¶ 7, 8.) With respect to any private agreement between Cohen and Abramowitz about the continuation of the 8424 Action, the bankruptcy court stated that

> [Cohen] attempted to seek relief from the [automatic] stay twice [by way of her Automatic Stay Motion] to proceed with the [8424 Action against Abramowitz]. Therein, she represented that she would only pursue recovery from [Abramowitz's] insurance proceeds. Due to [Cohen's] failure to comply with corrective entries, both [Automatic Stay Motions] were denied without prejudice. Nonetheless, it *appears* the parties *may* have reached an agreement with regard to [the 8424 Action]; *however, no consent motion relating thereto has been filed with the* [*bankruptcy court*].

(*Id.* at 4 n.3 (emphasis added).)

On April 8, 2015, Abramowitz submitted a supplemental response to

14

Cohen's Bankruptcy Rule 9024 Motion, stating that

> [a]t no time did [Abramowitz] agree to any relief requested [in Cohen's Bankruptcy Rule 9024 Motion] beyond the granting of relief to allow [Cohen] to pursue [the 8424 Action] against [Abramowitz] to the extent that the insurance proceeds allow.
>
> Never at any time did [Cohen] tell [Abramowitz] that [she] was going to pursue claims in addition to the above that might result in [Abramowitz] being subject to a non-dischargeable debt.
>
> [Abramowitz] feels that he has been purposely mislead by [Cohen] and wishes to withdraw *any* consents to the [response to Cohen's Bankruptcy Rule 9024 Motion] and *all* consents to *all* of [Cohen's] motions or complaints that are of record.
>
> WHEREFORE, [Abramowitz] prays that he be permitted to withdraw *all* consents [in this matter]. . . .

(ECF No. 52 (emphasis added).)

In response to the bankruptcy court's April 8, 2015 order, the parties filed additional briefing related to Cohen's Bankruptcy Rule 9024 Motion. (ECF Nos. 53, 54, 55, 56.)  After the bankruptcy court's April 8, 2015 order, the parties did not file a consent motion or other confirmation evidencing a private agreement that the 8424 Action continue after the Discharge Order.

## G.   The bankruptcy court's May 19, 2015 order and Cohen's appeal

On May 19, 2015, the bankruptcy court issued a memorandum opinion and order denying Cohen's Bankruptcy Rule 9024 Motion for relief from the Discharge Order. (ECF Nos. 57, 58.) In its memorandum opinion, the bankruptcy court

concluded that

- Abramowitz did not consent to Cohen's request to proceed with her Complaint against Abramowitz, as the Complaint sought to impose personal liability upon Abramowitz in violation of his stated condition of consent, (ECF No. 57 at 4);

- Abramowitz did not consent to Cohen's request to permit the continuation of the 8424 Action, as the alleged agreement was never verified and Cohen failed to file a procedurally-proper Automatic Stay Motion, (*id.* at 10–11, n.10); and

- vacating the Discharge Order would not provide Cohen the relief she seeks, as her Complaint challenging the dischargeability of the 13418 Judgment and Abramowitz's discharge was untimely and procedurally improper, and she failed to raise the 8424 Action by way of a complaint or procedurally-proper Automatic Stay Motion. (*Id.* at 5–10.)

On June 2, 2015, Cohen filed a notice of appeal with respect to the bankruptcy court's May 19, 2015 order denying her Bankruptcy Rule 9024 Motion. (15-751, ECF No. 59.) On June 8, 2015, this court received and docketed Cohen's notice of appeal. (Civ. No. 15-751, ECF No. 1.) On August 30, 2015, Cohen filed a brief supporting her appeal. (Civ. No. 15-751, ECF No. 6.) On November 11, 2015, Abramowitz filed a brief opposing Cohen's appeal. (Civ. No. 15-751, ECF No. 7.) On December 4, 2015, Cohen filed a reply to Abramowitz's brief in opposition. (Civ. No. 15-751, ECF No. 10.)

## III.   JURISDICTION AND STANDARDS OF REVIEW

### A.   Jurisdiction

This court has jurisdiction over this bankruptcy matter pursuant to 28 U.S.C.

§ 158(a).

## B. Standard of review on appeal

Cohen appeals from the bankruptcy court's May 19, 2015 denial of her Bankruptcy Rule 9024 Motion. Pursuant to Bankruptcy Rule 9024, the bankruptcy court may, in its discretion, relieve a party from a "final order" under the particular circumstances enumerated in Rule 60(b). FED. R. BANKR. P. 9024 ("Rule 60 . . . applies in cases under the [Bankruptcy Code]. . . ."); *see In re Scheib*, 620 F. App'x 77, 78 (3d Cir. 2015).

Relief under Bankruptcy Rule 9024 and Rule 60(b) is an "extraordinary remedy," and a bankruptcy court's grant or denial of a Bankruptcy Rule 9024 motion "may be reviewed [on appeal] only for an abuse of discretion."[9] COLLIER ¶ 9024.05 (citing decisions).

---

[9] Courts within the Third Circuit uniformly apply the abuse-of-discretion standard to review a bankruptcy court's grant or denial of a Bankruptcy Rule 9024 motion. *See, e.g.*, *In re Scheib*, 620 F. App'x 77; *In re Olick*, 311 F. App'x 529 (3d Cir. 2008); *In re Subramanian*, 245 F. App'x 111 (3d Cir. 2007); *In re Martin*, 96 F. App'x 62, 65 (3d Cir. 2004); *Straker v. Wells Fargo Bank, N.A.*, No. 12-345, 2014 WL 7272169 (M.D. Pa. Dec. 18, 2014); *In re Bankr. Kara Homes, Inc.*, No. 06-19626, 2010 WL 2546018 (D.N.J. June 21, 2010); *In re Lauro*, No. 07-670, 2007 WL 4180683 (W.D. Pa. Nov. 20, 2007); *In re Polycel Liquidation, Inc.*, No. 00-62780, 2007 WL 77336 (D.N.J. Jan. 8, 2007); *In re Alexander*, No. 01-62882, 2006 WL 753148 (D.N.J. Mar. 22, 2006); *In re J & L Structural*, 313 B.R. 382, 385–86 (W.D. Pa. 2004) ("Bankruptcy courts are accorded 'a very large measure of discretion' in passing on [Bankruptcy Rule 9024] motions for relief from judgment, and a reviewing court will not set aside an exercise of that discretion 'unless it is persuaded that under the circumstances of the particular case[,] the action . . . is an abuse of discretion.'" (quoting 11 C. WRIGHT, ET AL., FEDERAL

> Judicial discretion is abused only when the court acts in an arbitrary, fanciful[,] or unreasonable manner or where it uses improper legal standards, criteria[,] or procedures. In other words, the Bankruptcy Court abuse[s] its discretion only if no reasonable person could take the view it adopted. If reasonable minds could differ, then it cannot be said that the Bankruptcy [C]ourt abused its discretion.

*In re Jersey Integrated Health-Practice, Inc.*, No. 07-3795, 2008 WL 305739, at *4 (D.N.J. Jan. 30, 2008) (citing *Barnes Found. v. Twp. of Lower Merion*, 242 F.3d 151, 167 (3d Cir. 2001)). In sum, "[a]n abuse of discretion may occur as a result of an errant conclusion of law, an improper application of law to fact, or a clearly erroneous finding of fact." *McDowell v. Phila. Hous. Auth.*, 423 F.3d 233, 238 (3d Cir. 2005).

### C. Rule 60(b)(6) standard

Rule 60(b)—which applies to bankruptcy proceedings under Bankruptcy Rule 9024—provides, in relevant part:

> On motion and just terms, the court may relieve a party . . . from a final . . . order . . . for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence; . . .
>
> (3) fraud[,] . . . misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;

---

PRACTICE AND PROCEDURE § 2872 (1973))).

> (5)    the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6)    any other reason that justifies relief.

In the bankruptcy court, Cohen premised her Bankruptcy Rule 9024 Motion on Rule 60(b)(6). (ECF No. 53 at 10–11.) "Rule 60(b)(6) is a catch-all provision that authorizes [the bankruptcy] court to grant relief from a final [order] for 'any . . . reason' other than those listed elsewhere in [Rule 60(b)(1)–(5)]." *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014) (quoting Fed. R. Civ. P. 60(b)(6)).

In general, Rule 60(b)(6) "provides 'a grand reservoir of equitable power to do justice in a particular case.'" *Id.* at 122 (quoting *Hall v. Cmty. Mental Health Ctr.*, 772 F.2d 42, 46 (3d Cir. 1985)). The bankruptcy court is, however, to "dispense [its] broad powers under [Rule] 60(b)(6) only in '*extraordinary circumstances* where, without such relief, an extreme and *unexpected* hardship would occur.'" *See id.* at 120 (quoting *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993)) (emphasis added). "This 'hardship' requirement may sometimes be satisfied when the judgment 'precluded an adjudication on the merits.'" *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008) (quoting *Boughner v. Sec'y of Health, Ed. & Welfare*, 572 F.2d 976, 976 (3d Cir. 1978)).

"[E]xtraordinary circumstances," however, "rarely exist when a party seeks relief [under Rule 60(b)(6)] from a judgment that resulted from the party's

deliberate choices." *Id.* (quoting *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002) ("[C]ourts have not looked favorably on the entreaties of parties trying to escape the consequences of their own counseled and knowledgeable decisions." (internal quotation marks omitted))). "'[N]either ignorance nor carelessness by a party or his attorney is a proper basis for [Rule 60(b)(6)] relief. . . .'" *See In re Slomnicki*, 243 B.R. 644, 655 (Bankr. W.D. Pa. 2000) (quoting *Smith v. Widman Trucking & Excavating, Inc.*, 627 F.2d 792, 795–96 (7th Cir. 1980)); *accord Lehman v. United States*, 154 F.3d 1010, 1017 (9th Cir. 1998) ("[A Rule 60(b)(6) movant must show] both injury and that circumstances beyond its control prevented timely action to protect its interests[;] [n]eglect or lack of diligence is not to be remedied through Rule 60(b)(6).").

Under all circumstances, the "movant . . . bears the burden of establishing entitlement to [Rule 60(b)(6)] equitable relief. . . ." *Cox*, 757 F.3d at 122.

## IV. DISCUSSION

The record in this case demonstrates that the bankruptcy court did not abuse its discretion in denying Cohen's Bankruptcy Rule 9024 Motion for relief from the Discharge Order. The court will affirm the bankruptcy court's May 19, 2015 order on three grounds:

    (A)    the bankruptcy court reasonably concluded that Abramowitz did not consent to Cohen's request in her Bankruptcy Rule 9024 Motion to proceed with her Complaint seeking to impose personal liability upon Abramowitz;

(B) the bankruptcy court reasonably concluded that Abramowitz did not consent to Cohen's request in her Bankruptcy Rule 9024 Motion to allow the continuation of the 8424 Action against Abramowitz; and

(C) the bankruptcy court reasonably concluded that Cohen did not show extraordinary circumstances warranting relief from the Discharge Order under Rule 60(b)(6).

The court explains these three grounds in detail below.

## A. Abramowitz's consent to Cohen's request to proceed with the Complaint seeking to impose personal liability upon him

In its May 19, 2015 memorandum opinion, the bankruptcy court concluded that Abramowitz did not consent to Cohen's request in her Bankruptcy Rule 9024 Motion to proceed with her Complaint against Abramowitz challenging the dischargeability of the 13418 Judgment and objecting to Abramowitz's discharge in general. (ECF No. 57 at 4 ("There is no indication that [Abramowitz] consented to [Cohen's] request to proceed with the Complaint after the [Objection Deadline] passed and after the Discharge Order was entered.").) The bankruptcy court did not abuse its discretion in reaching this conclusion.

The record demonstrates that Abramowitz did not consent, at any time, to any request by Cohen that would result in the imposition of personal liability upon him. The filings in which Abramowitz discussed his alleged consent make clear that he would agree to Cohen's requests for relief only if he was assured he would

be liable solely through his malpractice insurance proceeds.[10] Nothing in the record shows that Abramowitz received such assurance from Cohen. In seeking to proceed with her Complaint challenging the dischargeability of the 13418 Judgment and discharge in general, Cohen inherently sought to hold Abramowitz personally liable for that judgment, in violation of Abramowitz's stated condition of consent that he be liable solely through his insurance proceeds. *Cf. Johnson v. Home State Bank*, 501 U.S. 78, 85 n.5 (1991) ("A bankruptcy discharge extinguishes 'the personal liability of the debtor with respect to any debt.'" (quoting 11 U.S.C. § 524(a)(1) (emphasis removed))). Cohen did not demonstrate—or attempt to demonstrate—to the bankruptcy court or to this court that Abramowitz's insurance coverage extends to the 13418 Judgment against him.

In light of Abramowitz's repeated conditional statements that he would

---

[10] Abramowitz expressed his condition of consent in the following filings:

- "[Abramowitz consents] . . . as long as [Abramowitz] is not personally liable for any resulting damages. . . ." (ECF No. 44-1 (November 12, 2014 email between the parties' counsel).)

- "[Abramowitz] will consent to the relief requested as long as . . . recovery [is] limited to the applicable insurance coverage." (ECF No. 48 (Abramowitz's March 24, 2015 response to Cohen's Bankruptcy Rule 9024 Motion).)

- "Never at any time did [Cohen] tell [Abramowitz] that [she] was going to pursue claims . . . that might result in [Abramowitz] being subject to a non-dischargeable debt." (ECF No. 52 (Abramowitz's April 8, 2015 supplemental response to Cohen's Bankruptcy Rule 9024 Motion).)

consent to Cohen's requests for relief only if assured he would not be personally liable, Cohen's contention that Abramowitz consented to allowing her Complaint to proceed against him—either before or after the Discharge Order—is unreasonable. The bankruptcy court, therefore, did not abuse its discretion in concluding that Abramowitz did not consent to Cohen's request in her Bankruptcy Rule 9024 Motion that her Complaint proceed against Abramowitz challenging the dischargeability of the 13418 Judgment and discharge in general. *See In re Jersey Integrated*, 2008 WL 305739, at *4 (a bankruptcy court abuses its discretion only if it acted in an "arbitrary, fanciful[,] or unreasonable manner" (citing *Barnes Found.*, 242 F.3d at 167)).

### B.    Abramowitz's consent to Cohen's request to permit the continuation of the 8424 Action against him

Cohen contends the bankruptcy court abused its discretion in concluding that Abramowitz did not consent to lifting the automatic stay to permit the continuation of the 8424 Action seeking recovery from Abramowitz's insurance proceeds. In other words, Cohen contends Abramowitz consented to the relief she requested in her Automatic Stay Motion.

Specifically, Cohen argues Abramowitz consented to allowing the 8424 Action to continue against him on two occasions, before and after the Discharge Order. First, Cohen claims Abramowitz consented in the November 12, 2014 email between counsel, in which Abramowitz's then-attorney stated that

> [Abramowitz] does not oppose allowing [the 8424 Action] to go forward by the granting of [Cohen's Automatic Stay Motion], as long as [Abramowitz] is not personally liable for any resulting damages, and that damages from [Abramowitz] will be limited to amounts that may be available from his malpractice insurance provider.

(ECF No. 44-1 (November 12, 2014 email attached to Cohen's Bankruptcy Rule 9024 Motion).) Second, Cohen claims Abramowitz consented in his first response to Cohen's Bankruptcy Rule 9024 Motion, in which Abramowitz stated he "w[ould] consent to the relief requested as long as . . . recovery [is] limited to the applicable insurance coverage." (ECF No. 48.)

The record in this case demonstrates that:

(1)    the bankruptcy court did not abuse its discretion in concluding that Abramowitz did not consent to the continuation of 8424 Action; and

(2)    even if Abramowitz did consent, Cohen failed to file a timely, procedurally-proper motion evidencing any agreement and requesting such relief.

The court explains its reasoning below.

### 1.    The bankruptcy court did not abuse its discretion in concluding that Abramowitz did not consent to the continuation of 8424 Action.

The bankruptcy court's reluctance to conclude that the parties agreed to the continuation of the 8424 Action was reasonable under the circumstances. In ruling on Cohen's Bankruptcy Rule 9024 Motion, the bankruptcy court: (1) reviewed the November 12, 2014 email attached to Cohen's motion; (2) reviewed Abramowitz's

first response in opposition to the motion; and (3) held a hearing on March 31, 2015 to clarify the nature of Abramowitz's purported consent. Still not satisfied that the parties agreed to the continuation of the 8424 Action after the hearing, the bankruptcy court cautiously concluded on April 8, 2015 that

> it *appears* the parties *may* have reached an agreement with regard to [the continuation of the 8424 Action]; *however*, n*o consent motion relating thereto has been filed*. . . .

(ECF No. 51 at 4 n.3 (post-hearing April 8, 2015 order) (emphasis added).)

Between April 8, 2015 and May 19, 2015[11]—*i.e.*, over the course of nearly six weeks—the parties did not file a consent motion or other confirmation evidencing a private agreement to permit the 8424 Action to proceed against Abramowitz in any manner. Without confirmation of such an agreement after nearly six weeks—and in light of Abramowitz's supplemental response attempting to retract his alleged consent to *any* of Cohen's requests for relief—the bankruptcy court reasonably concluded that the parties did not agree to permit the continuation of the 8424 Action against Abramowitz. (ECF No. 57 at 4 ("[C]onsent is lacking[.]").)

Under these circumstances—and because Cohen fails to point to action by the bankruptcy court in the record demonstrating otherwise—the court cannot conclude that the bankruptcy court "act[ed] in an arbitrary, fanciful[,] or

---

[11] The bankruptcy court denied Cohen's Bankruptcy Rule 9024 Motion on May 19, 2015.

unreasonable manner" in concluding that Abramowitz did not consent to the continuation of the 8424 Action, as required to show an abuse of discretion. *In re Jersey Integrated*, 2008 WL 305739, at \*4 (citing *Barnes Found.*, 242 F.3d at 167).

### 2. Even if Abramowitz consented to the continuation of 8424 Action, Cohen failed to file a timely, procedurally-proper motion requesting such relief.

Even if Abramowitz agreed, off the record and before the Discharge Order, to lift the automatic stay to permit the continuation of the 8424 Action against Abramowitz's insurance proceeds, Cohen failed to file a procedurally-proper motion requesting that relief and evidencing an agreement.

As stated, the only pre-Discharge-Order filing in which Cohen referenced the 8424 Action—*i.e.*, the Automatic Stay Motion—was denied twice without prejudice because Cohen failed to adhere to local rules requiring her to self-schedule her motion and file it as a text-searchable PDF document. Because Cohen did not refile a proper Automatic Stay Motion after the bankruptcy court rejected it twice, Abramowitz was not required to—and did not—respond to Cohen's request that the bankruptcy court lift the automatic stay over the 8424 Action. Without Abramowitz's response to a properly-filed Automatic Stay Motion, the motion was not yet ripe for disposition when the bankruptcy court entered the Discharge Order. Under those circumstances, the bankruptcy court reasonably concluded that

> [Cohen] attempted to seek relief from [the automatic] stay twice [in her Automatic Stay Motion] to proceed with the [8424 Action].

Therein, she represented that she would only pursue recovery from [Cohen's] insurance proceeds. However, due to [Cohen's] failure to comply with corrective entries, both [Automatic Stay Motions] were denied without prejudice. Therefore, despite any potential agreement with [Abramowitz] to proceed with the [8424 Action], the request for relief from stay was never properly filed, and, accordingly, the [bankruptcy court] did not consider the request or any consensual relief related thereto.

(ECF No. 57 at 10 n.10.)

Given Cohen's failure to refile a proper Automatic Stay Motion on two occasions, the court cannot conclude that the bankruptcy "act[ed] in an arbitrary, fanciful[,] or unreasonable manner" in declining to consider that motion, as required to show an abuse of discretion. *In re Jersey Integrated*, 2008 WL 305739, at *4 (citing *Barnes Found.*, 242 F.3d at 167).

Cohen's argument on appeal that the bankruptcy court elevated technical considerations over substantive justice in declining twice to hear her Automatic Stay Motion based upon her violation of local bankruptcy rules is without merit.

Local rules "'play a vital role in the . . . courts' efforts to manage themselves and their dockets.'" *Knoll v. City of Allentown*, 707 F.3d 406, 411 (3d Cir. 2013) (quoting *Smith v. Oelenschlager*, 845 F.2d 1182, 1184 (3d Cir. 1988)). Local rules "'facilitate the implementation of court policy, both by setting norms and putting the local bar on notice of their existence,'" and they "'serve to impose uniformity on practice within a district.'" *Id.* (quoting *Oelenschlager*, 845 F.2d at 1184). Especially relevant here, local rules "facilitate the court's acquisition of the

materials necessary for the efficient processing of the matters on its docket." *Hewlett v. Davis*, 844 F.2d 109, 114 (3d Cir. 1988). In sum, the local rules that Cohen violated are important and binding, and the bankruptcy court had authority "to provide for the ultimate sanction of dismiss[ing]" her Automatic Stay Motion for "noncompliance" with them. *Id.* (citing *Oelenschlager*, 845 F.2d 1182).

Cohen does not challenge the validity of the local bankruptcy rules in issue on appeal. Those rules are, in any event, facially required, not permissive. *See* W. PA. LBR 5005-13(a), (d) ("All documents filed through the CM/ECF System *shall* be [fully-text searchable PDF documents]. . . ." (emphasis added)). While the bankruptcy court had power to "modify the applicability of any [local rule]" to "accomplish substantial justice"—*see* W. PA. LBR 1001-2—Cohen failed to argue for a modification in the bankruptcy court and cannot argue for one now, in the first instance, on appeal. *See, e.g.*, *In re Natale*, 280 F. App'x 227, 231 (3d Cir. 2008) (arguments not raised in the bankruptcy court are waived on appeal). Consequently, the bankruptcy court did not abuse its discretion in applying facially-required local rules to reject, without prejudice, Cohen's Automatic Stay Motion twice, especially in the absence of any timely objection to those dismissals by Cohen. *See In re Jersey Integrated*, 2008 WL 305739, at *4 (a bankruptcy court abuses its discretion where "it uses *improper* legal standards, criteria[,] or procedures" (citing *Barnes Found.*, 242 F.3d at 167) (emphasis added)).

Even if Cohen would have challenged the applicability of the local rules in the bankruptcy court, relief under Rule 60(b)(6) would not have been appropriate in this case. The record shows that Cohen's own "ignorance" of the local rules and "carelessness" resulted in dismissal of her Automatic Stay Motion, twice. A party's "'ignorance'" or "'carelessness . . . is [not] a proper basis for [Rule 60(b)(6)] relief.'" *Slomnicki*, 243 B.R. at 655 (quoting *Smith*, 627 F.2d at 795–96). Cohen was capable of filing text-searchable PDF documents on the bankruptcy court's docket. Following the bankruptcy court's November 7, 2014 corrective entry instructing Cohen to refile her first Automatic Stay Motion, Cohen electronically filed several text-searchable PDF documents on the docket—yet she failed to do so in filing her second Automatic Stay Motion. *Compare* (ECF Nos. 30, 31, 42, 44, 53 (text-searchable PDFs)), *with* (ECF No. 33 (Cohen's second, non-searchable-PDF Automatic Stay Motion).) In both corrective entries ordering Cohen to refile her Automatic Stay Motion—dated November 7, 2014 and January 13, 2015—the bankruptcy court warned Cohen conspicuously that it would dismiss her motion without prejudice if she failed to refile it in the proper format by two dates certain. *See* (ECF Nos. 19, 37 (both corrective orders granting Cohen more than one week to refile).) Cohen, however, failed to comply with the orders twice, notwithstanding that she had ample time (*i.e.*, more than two months) and ample opportunity (*i.e.*, both dismissals were without prejudice) to refile and self-

schedule her motion in accordance with the local rules. *See* (ECF Nos. 25, 39.) In light of Cohen's own conduct, the bankruptcy acted reasonably in declining to consider, under Bankruptcy Rule 9024, Cohen's Automatic Stay Motion—*i.e.*, the only pre-Discharge-Order filing in which she referenced the 8424 Action against Abramowitz.

In summary: (1) the bankruptcy court did not abuse its discretion in concluding that Abramowitz did not consent to allowing the continuation of the 8424 Action against him; and (2) even if Abramowitz did consent, Cohen failed to file a procedurally-proper motion in the bankruptcy court requesting that relief and evidencing an agreement with Abramowitz.

In the absence of Abramowitz's consent to the relief requested in Cohen's Bankruptcy Rule 9024 Motion, the bankruptcy court properly moved on to consider the merits of the motion. (ECF No. 57 at 4 ("As consent is lacking, [the bankruptcy court] considers whether [Cohen's Bankruptcy Rule 9024 Motion] should be granted.").)

## C. Whether the bankruptcy court abused its discretion in denying Cohen relief from the Discharge Order

The bankruptcy court did not abuse its discretion in denying Cohen's Bankruptcy Rule 9024 Motion because the bankruptcy court reasonably concluded that Cohen failed to show extraordinary circumstances warranting relief from the Discharge Order under Rule 60(b)(6).

The court explains its reasoning in detail below. First, however, the court—as background for the analysis—will discuss the critical distinction between a creditor's objection to a debtor's *discharge* in general and a creditor's challenge to the *dischargeability* of certain debts of the debtor.

### 1. Objecting to discharge versus challenging dischargeability

The discharge of claims in bankruptcy "is of singular importance to the individual [debtor] in a chapter 7 [proceeding]" because it "enables the debtor to begin a new financial life" and "provides the debtor with a fresh start." COLLIER ¶ 1.02(1). In general, a discharge order "voids judgments pertaining to discharged debts" and "operates as an injunction against any act," including a lawsuit, "to collect a discharged debt" of the individual debtor. *Id.* ¶ 727.01(2) (citing 11 U.S.C § 524(a)). In sum, the "effect of the discharge is to relieve the [individual] debtor of all personal liability for discharged debts and to effectuate the debtor's 'fresh start.'" *Id.*

Discharge, however, does not always and automatically result in "complete forgiveness" for individual debtors. *See* RICHARD I. AARON, BANKRUPTCY LAW FUNDAMENTALS 517 (2015). Relevant to this case, the Bankruptcy Code provides methods: (1) to object to the debtor's discharge in its entirety; or (2) to seek to have excepted from the discharge order—*i.e.*, to challenge the "dischargeability" of—certain debts of the debtor.

Under the first method, creditors seeking to object to an individual debtor's discharge in its entirety must file a timely complaint by way of an adversary proceeding, raising one or more of the twelve grounds enumerated in 11 U.S.C. §§ 727(a)(1)–(12). *See* COLLIER ¶¶ 727(1)–(4) ("Other grounds may not be added to the list [in § 727(a).]"). If the creditor proves by a preponderance of the evidence at least one of the grounds set forth in §§ 727(a)(1)–(12), the bankruptcy court must deny the debtor's discharge, and "*all* claims against the debtor, regardless of their nature, will survive the bankruptcy. . . ." *In re Billings*, 146 B.R. 431, 433 (Bankr. N.D. Ill. 1992) (emphasis in original); *see* COLLIER ¶¶ 727(1)–(4).

Bankruptcy Rule 4004 expressly governs the process by which a creditor must "object[] to [a] debtor's discharge" in its entirety. In relevant part, that rule provides that in a chapter 7 case, "a complaint . . . objecting to the debtor's discharge shall be filed no later than [sixty] days after the first date set for the meeting of creditors. . . ." FED. R. BANKR. P. 4004(a). "On motion of any party in interest" and "after notice and hearing," the bankruptcy court "may for cause extend the time to object to discharge." FED. R. BANKR. P. 4004(b). "[O]n expiration of the times fixed for objecting to discharge," however, the bankruptcy court "*shall forthwith* grant the [debtor's] discharge. . . ." FED. R. BANKR. P. 4004(c) (emphasis added). Critically, the bankruptcy court "may enlarge the time for taking action under [Bankruptcy Rule] . . . 4004(a) . . . only to the extent and

under the conditions stated in [that] rule. . . ." FED. R. BANKR. P. 9006(b)(3).

Under the second method—in contrast—a creditor who does not object to the debtor's general discharge may seek to except from the discharge order—*i.e.*, challenge the "dischargeability" of—a particular debt of the debtor. *See* COLLIER ¶ 4007.01 ("[Challenging the dischargeability of a debt] presupposes that a discharge will be entered and concerns which debts will be encompassed in that discharge."). To do so, the creditor must file a complaint by way of an adversary proceeding alleging that the particular debt in issue is disqualified from discharge because it falls within one or more of the specific categories set forth in 11 U.S.C. §§ 523(a)(1)–(19). *See id.* ¶¶ 523.01, 523.02(1), 523.04, 727.15. If the creditor proves that the debt in issue falls within a category listed in §§ 523(a)(1)–(19), that particular debt is excluded from the discharge order, generally continuing the debtor's personal liability for it.

Bankruptcy Rule 4007 expressly governs the process by which a creditor must challenge the "dischargeability of any debt." In relevant part, that rule provides that in a chapter 7 case

> a complaint to determine the dischargeability of a debt under [11 U.S.C.] § 523(c)[12] shall be filed no later than [sixty] days after the

---

[12] Title 11 U.S.C. § 523(c)(1) expressly includes debts falling within the false-dealings category set forth in § 523(a)(2)—*i.e.*, the category Cohen raised in her Complaint challenging the dischargeability of the 13418 Judgment. 11 U.S.C. § 523(c)(1) ("[T]he debtor shall be discharged from a debt specified in paragraph (2) . . . of subsection (a) of this section, unless . . . the court determines such debt to be

first date set for the meeting of creditors. . . .

On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion [to extend] shall be filed before the time [fixed under this subdivision] has expired.

Fed. R. Bankr. P. 4007(c). As with Bankruptcy Rule 4004(a), the bankruptcy court "may enlarge the time for taking action under [Bankruptcy Rule] . . . 4007(c) . . . only to the extent and under the conditions stated in [that] rule. . . ." Fed. R. Bankr. P. 9006(b)(3).

It is well established that

"[d]ischargeability" and "objections to discharge" are two . . . distinct proceedings, with different outcomes ([*i.e.*,] nondischargeability of a single debt versus nondischargeability of all debts). They are based on different Bankruptcy Code provisions ([*i.e.*, 11 U.S.C.] § 523(a) versus § 727(a)). And . . . the two . . . types of proceedings are governed by different procedural rules ([*i.e.*, Bankruptcy] Rule 4007 versus [Bankruptcy] Rule 4004). Simply put, [Bankruptcy] Rule 4007 has no applicability whatsoever to an objection to discharge [and Bankruptcy Rule 4004 has no applicability to a challenge to the dischargeability of a particular debt]. . . .

*See In re Pocius*, 499 B.R. 472, 474 (Bankr. E.D. Pa. 2013); *In re Billings*, 146 B.R. at 433–35 (discussing in detail the distinctions between the two proceedings and concluding that "discharge under § 727 and dischargeability under § 523 refer to distinct concepts and cannot be used interchangeably" because they are "based

---

excepted from discharge under paragraph (2) . . . of subsection (a) of this section.").

on separate policies and are governed by distinct procedural rules").[13]

## 2. Cohen failed to show extraordinary circumstances warranting relief from the Discharge Order.

In this case, the bankruptcy court did not abuse its discretion in concluding that Cohen failed to show extraordinary circumstances warranting relief from the Discharge Order, as required under Bankruptcy Rule 9024 and Rule 60(b)(6).[14] The record in this case demonstrates that in seeking to object to discharge and to challenge the dischargeability of the 13418 Judgment, Cohen repeatedly engaged in dilatory conduct and failed to comply with the Bankruptcy Code, the Bankruptcy Rules, local bankruptcy rules, and the bankruptcy court's orders. As stated previously, consequences caused by Cohen's own "'ignorance [and] carelessness'" do not justify relief under Rule 60(b)(6). *In re Slomnicki*, 243 B.R.

---

[13] Courts uniformly recognize that discharge and dischargeability proceedings are wholly distinct. *See In re Scalera*, No. 13-2103, 2013 WL 5963554, at *2 (Bankr. W.D. Pa. Nov. 8, 2013); *In re Lusane*, No. 11-889, 2013 WL 662690, at *1 n.2, *3 n.3 (Bankr. D.D.C. Feb. 25, 2013); *In re Fernandez Rosado*, No. 07-5871, 2009 WL 2900298, at *5 (Bankr. D.P.R. Apr. 3, 2009); *In re Hass*, 273 B.R. 45, 49–50 (Bankr. S.D.N.Y. 2002); *In re Taylor*, 190 B.R. 413, 416 (Bankr. D. Colo. 1995); *In re Ham*, 174 B.R. 104, 108 (Bankr. S.D. Ill. 1994) (noting, in another context, the "radical differences between an objection to discharge of the debtor and an objection to the dischargeability of a debt"); *In re Harrison*, 71 B.R. 457, 459 (Bankr. D. Minn. 1987).

[14] Notably, the issue whether the Bankruptcy Code even permits a bankruptcy court to vacate a § 727 discharge order under Bankruptcy Rule 9024 is unsettled, as the bankruptcy observed. *See* (ECF No. 57 at 5 n.5 (discussing the issue and citing *In re Cook*, No. 09-25681, 2012 WL 1073239, at *6 (Bankr. W.D. Pa. Mar. 29, 2012)).)

at 655 (quoting *Smith*, 627 F.2d at 795–96).

The bankruptcy court issued an order on August 1, 2014 establishing November 7, 2014 as the original deadline (*i.e.*, the Objection Deadline) for Abramowitz's creditors to file a complaint either:

(A)   objecting to Abramowitz's discharge in general under § 727(a); "*or*"

(B)   challenging the dischargeability of certain of Abramowitz's debts under § 523(a).

(ECF No. 10 (emphasis in original).) The order was conspicuously captioned: "Deadline to *Object to* [*Abramowitz's*] *Discharge* **or** to *Challenge Dischargeability* of Certain Debts." (*Id.* (emphasis added).) The order explicitly distinguished between objections to discharge under "§ 727(a)" and challenges to dischargeability under "§ 523(a)." *See* (*id.*)

Cohen did not receive notice of Abramowitz's July 31, 2014 petition until October 3, 2014. But receiving notice on that date still gave Cohen more than one month until the Objection Deadline to decide whether she would seek an extension:

(A)   under Bankruptcy Rule 4004(b) to file a complaint objecting to Abramowitz's discharge in general under § 727(a)(1)–(12); or

(B)   under Bankruptcy Rule 4007(c) to file a complaint challenging the dischargeability of her claims against Abramowitz (*i.e.*, the 13418 Judgment or 8424 Action) under § 523(a)(1)–(19).

Additionally, Cohen had the option to seek an extension under *both* Bankruptcy

36

Rules 4004(b) and 4007(c), to fully preserve her rights. *See, e.g.*, *In re Billings*, 146 B.R. at 435 ("[A] creditor can move to extend the discharge date in accordance with [Bankruptcy Rule] 4004, or . . . 4007, or both. . . .").

When the Objection Deadline arrived, however, Abramowitz elected to file her Extension Motion expressly seeking additional time to file a complaint "*objecting to [Abramowitz's] discharge pursuant to Bankruptcy Rule 4004(b)*." *See* (ECF Nos. 21, 21-1 (explicitly requesting an extension under Bankruptcy Rule 4004(b) to file a complaint objecting to discharge ten times) (emphasis added).) Cohen's Extension Motion described, in general terms, the existence and nature of the 13418 Judgment against Abramowitz. The Extension Motion made no mention of the 8424 Action against Abramowitz.[15] The Extension Motion did not discuss any challenge to the "dischargeability" of the 13418 Judgment or any category for its potential disqualification from discharge under §§ 523(a)(1)–(23), *e.g.*, false dealings under § 523(a)(2). The Extension Motion did not request or reference an extension under Bankruptcy Rule 4007(c) to file a complaint challenging the

---

[15] As discussed in detail, the only pre-Discharge-Order filing in which Cohen referenced the 8424 Action was the Automatic Stay Motion filed on November 6, 2014, *i.e.*, one day before the Extension Motion was filed. For the reasons explained previously in relation to Cohen's argument that Abramowitz consented to the relief she requested in her Bankruptcy Rule 9024 Motion, the bankruptcy court acted reasonably in declining to consider Cohen's Automatic Stay Motion based upon: (1) Cohen's violation of local bankruptcy rules; and (2) her decision not to refile the motion after the bankruptcy court denied it twice without prejudice.

dischargeability of any of Abramowitz's debts. In sum, Cohen's Extension Motion could not have reasonably placed either Abramowitz or the bankruptcy court on notice that Cohen sought an extension to file a complaint challenging *both* Abramowitz's discharge in general *and* the dischargeability of the 13418 Judgment. *Cf. In re Weinstein*, 234 B.R. 862, 863–66 (Bankr. E.D.N.Y. 1999) (finding that a creditor's extension motion mistakenly listing Bankruptcy Rule 4004(b) and referencing discharge in general put the debtor on notice that the creditor actually sought an extension under Bankruptcy Rule 4007(c) to challenge the dischargeability of a debt because the motion repeatedly and explicitly referenced specific fraud-related non-dischargeability categories in §§ 523(a)(2) and (a)(4)[16]).

Cohen had time and the opportunity to clarify her intent to the bankruptcy court and correct her error. Yet she did not do so. On November 25, 2014, the bankruptcy court held a hearing specifically on Cohen's Extension Motion. Cohen, however, failed to inform Abramowitz or the bankruptcy court at the hearing that she intended to file a complaint challenging the dischargeability of the 13418 Judgment under § 523(a). Consequently, the bankruptcy court—finding cause for an extension under *Bankruptcy Rule 4004(b)*—granted Cohen until December 25,

---

[16] Cohen's first Complaint listed § 727(b) as a basis for relief, which references § 523. But that was too late to put Abramowitz and the bankruptcy court on notice that Cohen sought to challenge the dischargeability of Abramowitz's debts to her.

2014 to "file a complaint *Objecting to* [*Abramowitz's*] *Discharge*." (ECF No. 28 (emphasis added).)

Notwithstanding that the bankruptcy court granted Cohen an extension only to file a complaint objecting to discharge, Cohen filed her Complaint on December 24, 2015 "Objecting to [Abramowitz's] Discharge *and/or . . . Challeng*[*ing*] *Dischargeability of Certain Debts*" of Abramowitz. *See* (ECF No. 30 (emphasis added).) The bankruptcy court reasonably concluded that Cohen's first Complaint was deficient for several reasons.

First, Cohen failed to file the first Complaint by way of an adversary proceeding, as required under the Bankruptcy Rules.[17] The bankruptcy court properly rejected it for this reason. As a result, Abramowitz was not required to— and did not—respond to the first Complaint.

Second, even if the bankruptcy court would have accepted the first Complaint, the Complaint sought—for the first time—to challenge the dischargeability of the 13418 Judgment under § 523(a)(2), rendering that challenge untimely under Bankruptcy Rule 4007. When Cohen filed the first Complaint on December 24, 2014, the Objection Deadline to challenge the dischargeability of any of Abramowitz's debts had already passed; as explained, Cohen's Extension Motion did not request—and the bankruptcy court did not grant Cohen—an

---

[17] *See supra* note 7 (citing FED. R. BANKR. P. 4004(d), 4007(e), 7001(4), 7001(6); COLLIER ¶¶ 4004.01, 4007.01).

extension under Bankruptcy Rule 4007(c) to challenge the dischargeability of any of Abramowitz's debts after the Objection Deadline. (ECF No. 28 (granting Cohen's Extension Motion to "file a complaint *Objecting to* [*Abramowitz's*] *Discharge*." (emphasis added).) Consequently, the allegations in Cohen's first Complaint challenging the dischargeability of the 13418 Judgment under § 523(a)(2) were untimely—*see* Fed. R. Bankr. P. 4007(c)—and Cohen conceded this point to the bankruptcy court. *See* (ECF No. 53 (Cohen's brief in support of her Bankruptcy Rule 9024 Motion stating "[t]here is no question that [Cohen] filed her [E]xtension Motion . . . under [Bankruptcy] Rule 4004 and not . . . 4007[;] the 60-day deadline of [Bankruptcy] Rule 4007(c) expired on November 7, 2014," *i.e.*, on the Objection Deadline).)

Third, even if the bankruptcy court would have accepted the first Complaint, the Complaint did not set forth a specific ground (or grounds) upon which Cohen objected to Abramowitz's general discharge under §§ 727(a)(1)–(12). The bankruptcy court granted Cohen's Extension Motion to object to Abramowitz's discharge in general, and Cohen timely filed her first Complaint objecting to discharge within the allotted extension-period. In support of her apparent objection to Abramowitz's discharge in general, however, the first Complaint vaguely referenced only "11 U.S.C. § 727(b)," which provides merely that debts falling

within § 523 are non-dischargeable.[18] (ECF No. 30 at 2, 4–5 ¶ 30.) As the bankruptcy court recognized, § 727(b) does not provide grounds to object to a debtor's general discharge. *See* COLLIER ¶ 727.01(1) ("Any grounds [for objection to discharge] that are not expressly included [in § 727(a)(1)–(12)] are excluded by implication." (citing decisions) (footnote omitted)); (ECF No. 57 at 7 ("[Cohen's] reliance on [§] 727(b) does not provide an independent basis for denial of [Abramowitz's] discharge.") (footnote omitted).) Cohen, in any event, conceded to the bankruptcy court that she intended, all along, to challenge the dischargeability of Abramowitz's debts to her—not Abramowitz's discharge in general. *See* (ECF No. 57 at 7 (noting that "[a]t the hearing held on March 31, 2015," Cohen "clarified" to the bankruptcy court "that denial of discharge under [§ 727(a)] *would not be pursued*[,] and relief was sought *only* under [§ 523(a)]" (emphasis added)).)

In summary, this court agrees with the bankruptcy court that:

- the first Complaint was—first and foremost—procedurally-deficient and properly denied because Cohen did not file it by way of an adversary proceeding;

---

[18] Title 11 U.S.C. § 727 provides, in relevant part:

(a) The court shall grant the debtor a discharge, unless [one or more of the grounds for objection listed in § 727(a)(1)–(12) apply]. . . .

(b) Except as provided in [§] 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts [arising before the filing of the bankruptcy petition]. . . .

- the first Complaint did not contain a timely challenge to the dischargeability of the 13418 Judgment under § 523(a)(2), as the Objection Deadline expired and the bankruptcy granted Cohen an extension only to object to discharge in general;

- the first Complaint was substantively deficient because it failed to provide the specific grounds upon which Cohen objected to discharge in general under § 727(a)(1)–(12); and

- the first Complaint made no mention of the 8424 Action, rendering any challenge to its dischargeability untimely.

Notwithstanding the first Complaint's deficiencies, Cohen—yet again—had time and the opportunity to correct her error. After the bankruptcy court rejected the first Complaint on December 29, 2014, Cohen needed only to refile it as an adversary proceeding, as ordered. Instead, Cohen elected to refile the *identical* Complaint *in the main bankruptcy case* on January 12, 2015, objecting to discharge in general and challenging the dischargeability of the 13418 Judgment. In accordance with the Bankruptcy Rules,[19] the bankruptcy court—again—rejected Cohen's second Complaint on January 13, 2015, as it was not filed as an adversary proceeding. Abramowitz was not required to—and did not—respond to Cohen's second Complaint, which was identical to and deficient for the same reasons as her first Complaint.

Cohen did not attempt to refile her Complaint after the bankruptcy court rejected it for a second time on January 13, 2015. Thereafter, more than one month

---

[19] *See supra* note 7.

passed without any action by Cohen. Consequently, the bankruptcy court entered the Discharge Order on February 19, 2015, in accordance with the Bankruptcy Rules. *See* FED. R. BANKR. P. 4004(c)(1)(B) ("In a chapter 7 case, on expiration of the times fixed for objecting to discharge [and in the absence of a complaint objecting to discharge], . . . the [bankruptcy] court *shall forthwith* grant the discharge." (emphasis added).) In light of Cohen's inaction and in accordance with Bankruptcy Rule 4004(c)(1)(B), the bankruptcy court acted reasonably in entering the Discharge Order.

In denying Cohen's Bankruptcy Rule 9024 Motion for relief from the Discharge Order, the bankruptcy court concluded that Cohen's own errors and delays precluded a finding of the "extraordinary circumstances" necessary to warrant relief under Rule 60(b)(6). That conclusion was reasonable under the circumstances presented in this case. As explained previously, "extraordinary circumstances *rarely* exist" under Rule 60(b)(6) when a party seeks relief from an order that "resulted from the party's *deliberate choices*." *Budget Blinds, Inc.*, 536 F.3d at 255 (emphasis added); *In re Slomnicki*, 243 B.R. at 655 ("'[N]either ignorance nor carelessness by a party or [the party's] attorney is a proper basis for [Rule 60(b)(6)] relief. . . .'" (quoting *Smith*, 627 F.2d at 795–96)). Based upon Cohen's repeated dilatory conduct and failure to comply with the Bankruptcy Code, the Bankruptcy Rules, local bankruptcy rules, and the bankruptcy court's

orders, this court cannot conclude that the bankruptcy court abused its discretion in denying Cohen's Bankruptcy Rule 9024 Motion for relief from the Discharge Order. *See Coltec Indus., Inc.*, 280 F.3d at 273 ("[C]ourts have not looked favorably on the entreaties of parties trying to escape the consequences of their own 'counseled and knowledgeable' decisions." (quoting *In re Fine Paper Antitrust Litig.*, 840 F.2d 188, 195 (3d Cir. 1988))). Cohen failed to show—and the record does not otherwise establish—that the bankruptcy court acted "in an arbitrary, fanciful[,] or unreasonable manner," or that it "use[d] improper legal standards, criteria[,] or procedures" in this case. *In re Jersey Integrated*, 2008 WL 305739, at *4 (citing *Barnes Found.*, 242 F.3d at 167)). For these reasons, the court will affirm the bankruptcy court's May 19, 2015 order.[20]

---

[20] Briefly, Cohen argues (somewhat vaguely) on appeal that she is "entitled to" unspecified "equitable relief" from the time-limits imposed by Bankruptcy Rules 4004 and 4007 because Abramowitz "received notice of the Complaint" and "consented to [it] moving forward both pre-and post-discharge." (ECF No. 6 at 20–21.) For reasons already explained in this opinion, this argument is without merit.

First, the record demonstrates (as explained) that neither the bankruptcy court nor Abramowitz "received notice of" the substance of the first (procedurally-improper) Complaint *challenging the dischargeability of* the 13418 Judgment until she filed it on December 24, 2014, *i.e.*, after the Objection Deadline. Cohen's Extension Motion sought—and the bankruptcy court granted Cohen—additional time solely to file a complaint *objecting to discharge*; Cohen made no mention of her desire to challenge the dischargeability of any of Abramowitz's debts in the Extension Motion. The Extension Motion, therefore, did not put the bankruptcy court or Abramowitz on notice that Cohen intended to file a complaint objecting to the dischargeability of Cohen's debts.

Second, the bankruptcy court (as explained) reasonably concluded that Abramowitz did not consent to Cohen's request that her Complaint proceed against

## V.   CONCLUSION

Because the bankruptcy court did not abuse its discretion in this case, the court will affirm the bankruptcy court's May 19, 2015 order denying Cohen relief from the Discharge Order pursuant to Bankruptcy Rule 9024 and Rule 60(b)(6).

An appropriate order follows.


DATED:            February 8, 2016

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Chief United States District Judge

CC:

Jeffrey D. Abramowitz
142 Big Springs Road
Acme, PA 15610

---

him because the Complaint sought to hold Abramowitz personally liable for the 13418 Judgment, in violation of his condition of consent.

Cohen does not argue—and the record does not establish—that any other equitable relief is warranted in this case. The bankruptcy court, therefore, did not abuse its discretion in rejecting Cohen's vague, conclusory request for "equitable relief" from the time-limits imposed by Bankruptcy Rules 4004 and 4007. (ECF No. 57 at 9 ("[Cohen] provided no analysis of . . . potential equitable arguments and their applicability to the facts of this case[,] [and the] application of . . . equitable considerations is not evident based upon the record.").